UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
          :
DERRICK JAMES,
          :
          Plaintiff,          ORDER
          :
     - against -              08 Civ. 4293 (SAS)
          :
CO HERNANDEZ, et al.,
          :
          Defendants.
------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      On April 7, 2009, defendants filed and served a motion for summary judgment. As of today, plaintiff has not submitted any papers in opposition to defendants' motion. As plaintiff is proceeding *pro se*, it is hereby

      ORDERED that plaintiff file opposition papers, if any, to defendants' motion by May 6, 2009. All papers must be sent to this Court's Pro Se Office at 500 Pearl Street, Room 230, New York, New York 10007, and must be served upon defendants' counsel. If plaintiff submits opposition papers, defendants' reply is due May 20, 2009.

      IT IS FURTHER ORDERED that if plaintiff fails to comply with this Order, the Court will decide the motion solely on the papers submitted by defendants. In plaintiff does file opposition papers, he is directed to first consult the attached Notice for Pro Se Litigants Regarding Opposition to a Summary Judgment Motion.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         April 24, 2009

## NOTICE FOR PRO SE LITIGANTS REGARDING
## OPPOSITION TO A SUMMARY JUDGMENT MOTION[1]

When a summary judgment motion is filed, the Court will determine whether there are material facts in dispute. If there are material facts in dispute, the motion will be denied and there will be a trial to resolve the factual disputes. If there are no material facts in dispute, the motion may be granted and any claim for which summary judgment is granted will be dismissed. If summary judgment is granted for all claims, there will be no trial and the case will be closed.

A motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56(e) says:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. <u>When a motion for summary judgment is made</u> and supported as provided in this rule, <u>an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but</u> the adverse party's response, <u>by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.</u> If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(Emphasis supplied.)

Pursuant to Rule 56, any fact asserted in the motion for summary judgment that is supported by evidence that would be admissible at trial will be taken as true, unless the opponent contradicts that fact with evidence that is also admissible at trial. Admissible evidence may take the form of documents or affidavits. An affidavit must be made by someone with personal knowledge of the facts described in the affidavit and the person making the affidavit must swear that its contents are true.

---

[1] See McPherson v. Coombe, No. 98-2635, 1999 WL 235771 (2d Cir. Apr. 22, 1999).

May 11, 1999

## - Appearances -

**Plaintiff (Pro Se):**

Derrick James
# 08-A-2148
Great Meadow Correctional Facility
P.O. Box 51
Comstock, NY 12821

**For Defendants:**

David Alan Rosinus, Jr.
Assistant Corporation Counsel
New York City Law Department
100 Church Street, Room 2-305
New York, NY 10007
(212) 788-8316