UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

DERRICK JAMES,

                  Plaintiff,

- against -

C.O. HERNANDEZ, *et al.*,

                  Defendants.

------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/9/09

**MEMORANDUM
OPINION AND ORDER**

08 Civ. 4293 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.  INTRODUCTION

Derrick James, presently incarcerated and proceeding pro se, brings this action against Correction Officer ("CO") Victor Hernandez, CO Robert Rubino, Commissioner Martin Horn of the New York City Department of Correction ("DOC"), and Warden William Thomas.  His Complaint alleges violations of the Eighth Amendment right to be free from cruel and unusual punishment under the United States Constitution.[1]  Defendants now move for summary judgment on the ground *inter alia* that James has not exhausted all administrative remedies against defendants as required by the Prison Litigation

---

      [1]     *See* U.S. Const. amend. VIII.

Reform Act ("PLRA").[2] For the reasons set forth below, defendants' motion is granted.

## II. BACKGROUND[3]

On March 2, 2008, an inmate in James' housing unit splashed CO Rubino with an unknown liquid substance in the facial area and eyes. James was present at the time. CO Hernandez and a group of unidentified officers removed James from his cell and handcuffed him. He then disobeyed a direct order from the officers, who restrained James to the floor. James was subsequently charged with and found guilty of an infraction based on this incident. Although at first he denied suffering any medical injuries, he later claimed that he suffered severe pain in his wrist.[4]

---

[2] *See* Defendants' Memorandum of Law in Support of Motion for Summary Judgment ("Def. Mem.") at 10.

[3] Unless otherwise noted, the facts are drawn from Defendants' Rule 56.1 Statement and from the evidence submitted to the Court by the defendants if not included in their Rule 56.1 Statement, to which James did not respond. James' failure to respond to or contest the facts set forth by defendants in their Rule 56.1 statement constitutes an admission of those facts, which are therefore accepted as undisputed. *See* Local Civil Rule 56.1(c); *Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (per curiam).

[4] It is undisputed that on the day of the incident, James saw a doctor who reported that James "denie[d] any injuries" and had no visible injuries. *See* 3/2/08 Injury to Inmate Report, Ex. B to 4/8/09 Declaration of David A. Rosinus ("Rosinus Dec."), Defendants' Counsel, at D00094-95. Two days later, James

On March 11, 2008, James filed a grievance report at the Otis Bantum Correctional Center ("OBCC"), which adopts the Inmate Grievance Resolution Program ("IGRP") of the DOC. After receiving no response, James appealed to Warden Thomas, the Inspector General, and the New York City Board of Correction. James received no response regarding his appeal. He did not request a hearing on his grievance or appeal to the Central Office Review Committee ("CORC"). On May 7, 2008, he filed a complaint with this Court.

On April 6, 2009, defendants filed and served a motion for summary judgment seeking dismissal of the Complaint in its entirety. As part of the motion, defendants served James with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment," stating the following: if James "do[es] not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by the defendant, the [C]ourt may accept

---

complained about pain in his wrist to medical personnel. *See* 3/4/08 Correctional Health Services Document, Ex. C to Rosinus Dec., at D00261. It is undisputed that he received medication for the pain. *See* Deposition of Derrick James ("Pl. Dep."), at 37:23-:25, 50:17-51:16, 52:16-53:9; 3/4/08 Pharmacy Order Document, Ex. C to Rosinus Dec., at D00392. It is undisputed that on March 6, 2008, a physician analyzed an X-ray of James' wrist, and found "no evidence of acute fracture, dislocation or destructive bony lesion. The joint spaces [were] relatively well maintained." Pl. Dep., at 34:21-:25, 36:5:-:6; 3/6/08 X-Ray Document, Ex. C to Rosinus Dec., at D00422.

defendant's factual assertions as true."[5] On May 12, 2009, this Court sent James an Order directing him to file opposition papers to defendants' motion by June 15, 2009.[6] Despite defendants' notice and this Court's Order, James failed to submit any opposition papers.

## III. LEGAL STANDARD

### A. Failure to Respond to Summary Judgment Motion

When the non-moving party "'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'"[7] If the movant does not meet its burden of production, then the court must deny summary judgment even if the non-movant does not oppose the motion.[8] Moreover, the court may not rely solely on the movant's statement of undisputed

---

[5] *See* 4/6/09 Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment ("Local Rule 56.2 Notice").

[6] *See* 5/12/09 Order at 2.

[7] *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)).

[8] *Id.* (citing *Amaker*, 274 F.3d at 681).

4

facts contained in its Rule 56.1 statement.[9] The court must be satisfied that the movant's assertions are supported by the evidence in the record.[10]

In sum, "[w]here, as here a nonmoving *pro se* party has failed to submit papers in opposition to a motion for summary judgment, summary judgment may be granted as long as the Court is satisfied that the undisputed facts 'show that the moving party is entitled to a judgment as a matter of law,' and plaintiff has received notice that failure to submit evidence in opposition may result in dismissal of his [or her] case."[11]

### B. Exhaustion of Administrative Remedies

The PLRA requires that a prisoner exhaust all administrative remedies before bringing an action regarding prison conditions.[12] Failure to

---

[9] *See id.*

[10] *See id.* (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003)).

[11] *Blackett v. Pathmark Stores, Inc.*, No. 01 Civ. 6913, 2002 WL 31385817, at *2 (S.D.N.Y. Oct. 21, 2002) (quoting *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)). James received notice of Hernandez's motion for summary judgment and of the consequences of failing to respond to such a motion. *See* Local Rule 56.2 Notice.

[12] *See* 42 U.S.C. § 1997e(a) (providing that: "[N]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." ("section 1997"). *See also Porter v. Nussle*, 534 U.S. 516, 516 (2002).

exhaust is an absolute bar to an inmate's action in federal court: "[section] 1997e(a) requires exhaustion of available administrative remedies *before* inmate-plaintiffs may bring their federal claims to court at all."[13] Furthermore, the United States Supreme Court has held that "the PLRA's exhaustion requirements applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[14]

The IGRP is a "well-established" five-step administrative grievance process in New York state prisons.[15] Under the IGRP,

> [i]nmates must file their complaints with the Inmate Grievance Resolution Committee ("IGRC") which attempts to informally resolve the grievance within 5 working days. If there is no resolution, the inmate may request a formal hearing before the IGRC, which will issue a recommendation within three working days. The inmate may appeal the IGRC's decision to the Warden, who has five working days to render a decision. The inmate may then appeal the Warden's decision to the [CORC] which has fifteen working days to render a decision. The inmate may then appeal the CORC decision to the Board of Correction. Only after these steps are followed can an

---

[13] *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) (quotation marks and citation omitted, emphasis in original).

[14] *Porter*, 543 U.S. at 532 (2002).

[15] *See, e.g., Williams v. City of New York*, No. 03 Civ. 5342, 2005 WL 2862007, at *27 (S.D.N.Y. Nov. 4, 2005).

6

inmate file suit in the district court.[16] Courts have repeatedly emphasized that a prisoner must pursue all levels of the administrative procedure, even when he does not receive a response to his initial grievance, in order to properly exhaust, and "[s]trict compliance" with the procedure is required.[17]

While the Second Circuit has recognized that the PLRA's exhaustion requirement is mandatory, it has also recognized three exceptions to the exhaustion requirement:

> when (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as reasonable misunderstanding of the grievance procedure, justify the prisoner's failure to comply with the exhaustion requirement.[18]

The Second Circuit has held that "'[a]lert[ing] the prison officials as to the nature of the wrong for which redress is sought,' . . . does not constitute proper

---

[16] *Bligen v. Griffen*, No. 06 Civ. 4400, 2007 WL 430427, at *6 (S.D.N.Y. Feb. 8, 2007).

[17] *See, e.g., George v. Morrison*, No. 06 Civ. 3188, 2007 WL 1686321, at *14-15 (S.D.N.Y. June 11, 2007) (citing cases); *McCoy v. Goord*, 255 F. Supp. 2d 233, 246 (S.D.N.Y. 2003) (internal quotations omitted).

[18] *Ruggiero v. County of Orange*, 467 F.3d 1709, 175 (2d Cir. 2006).

exhaustion."[19]  "[N]otice alone is insufficient because '[t]he benefits of exhaustion can be realized only if the prison grievance system is given fair opportunity to consider the grievance' and '[t]he . . . system will not have such an opportunity unless the grievance complies with the system's critical procedural rules.'"[20]

## IV. DISCUSSION

The instant motion presents three issues: (1) whether administrative remedies were available to James; (2) whether defendants are estopped from asserting exhaustion as a defense; and (3) whether special circumstances excuse James' failure to exhaust administrative remedies.

To be available, an administrative remedy must "afford the possibility of some relief for the action complained of."[21] In some circumstances, the behavior of the defendant may render administrative remedies unavailable.[22] To

---

[19] *Marias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (quoting *Braham v. Clancy*, 425 F.3d 177, 184 (2d Cir. 2005) and citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) (finding plaintiff "cannot satisfy the PLRA's exhaustion requirement solely by filing two administrative tort claims, or by making informal complaints to [prison] staff").

[20] *Id.* (quoting *Woodford*, 549 U.S. at 95).

[21] *Booth v. Churner*, 532 U.S. 732, 738 (2001).

[22] *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (remanding case to the district court to determine whether some seemingly available remedies were rendered unavailable by threats made by correction

the extent that a plaintiff lacks available administrative remedies, the PLRA's exhaustion requirement does not apply.[23]

It is undisputed that James did not request a hearing on his grievance or appeal, as required by the IGRP.[24] By failing to file any opposition papers, James has not contested defendants' argument that he failed to exhaust all administrative remedies available to him.

James has also not alleged any facts to support an exemption from the exhaustion requirement. In his Complaint, James does not allege that all available administrative remedies were procedurally unavailable at OBCC or were rendered unavailable by any action of any defendant. James also does not allege that any defendant ever acted in any way to estop defendants from asserting non-exhaustion as a defense, or that any special circumstances may exist to justify his failure to exhaust all possible remedies.

Because James did not satisfy the exhaustion requirement and has not presented any facts on which this Court could base an exception, his Complaint is

---

officers).

[23] *See id.*

[24] *See* Pl. Dep., at 45:3-47:11, 55:7-:14; *see also* Rule 56.1 Statement at 5.

dismissed without prejudice to give James the opportunity to re-file once he has exhausted all remedies, as required by PLRA section 1997e(a).

## V.   CONCLUSION

Accordingly, defendants' motion for summary judgment is granted. The Clerk of the Court is directed to close this motion [Docket No. 25] and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
July 8, 2009

## - Appearances -

**Plaintiff (Pro Se):**

Derrick James (#08A2148)
Great Meadow Correctional Facility
11739 State Route 22
P.O. Box 51
Comstock, New York 12821-0051

**For Defendants:**

David A. Rosinus, Jr., Esq.
Assistant Corporation Counsel
100 Church Street, Room 2-305
New York, New York 10007
(212) 788-8316